**Robert Eugene REID, Appellant,**

v.

**Anne Margaret REID, Appellee.**

**No. 13–83–208–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 6, 1983.

**864**

Marvin G. Shwiff, Shwiff, Caraway & Emerson, Dallas, for appellant.

John Holman Barr, Law Offices of Burt Barr & Associates, Dallas, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Judge.

This is an appeal from a final divorce decree. The divorce petition was filed by Anne Margaret Reid, the appellee, hereinafter "petitioner," who alleged discord and conflict of personalities which destroyed the legitimate ends of the marriage relationship. Robert Eugene Reid, the appellant, hereinafter "respondent," filed an answer generally denying the allegations in petitioner's original petition. The focus of this dispute is the residence that the parties lived in as husband and wife during most of their ten-year marriage.

The case then went to trial before the court, jury being waived. The court heard testimony and examined evidence from the parties concerning the extent, type and legal character of their property. The relevant portion of the divorce decree is as follows:

"IT IS DECREED that the estate of the parties be divided as follows:

Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to such property;

The home located at 3852 Ridgeoak, Farmers Branch, Texas.

BEING Lot 20, Block 5 of the Country Club Estates 1, an Addition to the City of Farmers Branch, Texas.

Subject to the Petitioner paying the Respondent $3,000.00 for his interest in said property.

Household furniture and fixtures except one king size bed, and color television.

All stocks, bonds, and real property located in Oklahoma, as listed on her inventory on file herein.

All automobiles except the pickup truck.

Petitioner is to receive $28,005.00 of a $50,010.00 check from Mutual of Omaha, Check 189373.

Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, and interest in and to such property:

Respondent to be paid $3,000.00 by Petitioner for his interest in the property located at 3852 Ridgeoak, Farmers Branch, Texas.

Household furniture consisting of: One king size bed and one color television.

Pickup truck with camper.

Boat, motor and trailer.

Respondent is to receive $22,005.00 of a $50,010.00 check from Mutual of Omaha, Check 289373.

Respondent is to receive any and all interest he has in his Ford Motor Company Pension Plan."

No request was made by either party for findings of fact and conclusions of law, and none were filed.

Respondent now appeals to this Court on two interrelated points of error. In his first point of error, he asserts that the trial court mischaracterized the residence as 57.6% separate property of the petitioner at the time of inception of title and that this mischaracterization led to an abuse of discretion in dividing the property as a whole. He contends in his second point of error that the trial court erroneously awarded a further percentage of the house to the petitioner because of a mischaracterization of the funds used to reduce the balance of the mortgage, leading to abuse of discretion in dividing the property as a whole. He contends in his second point of error that the trial court erroneously awarded a further percentage of the house to the petitioner because of a mischaracterization of the funds used to reduce the balance of the mortgage, leading to abuse of discretion in dividing the property as a whole.

A discussion of the applicable law is in order. Tex.Fam.Code Ann. § 3.63(a) (Vernon Supp.1982–83) states:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

The trial court has broad discretion in determining the disposition of property in divorce actions and this discretion will not be disturbed unless an abuse of discretion is shown. The role of the court of appeals in reviewing divorce cases where there is a division of property is only to determine if there is an abuse of discretion. *McKnight v. McKnight,* 543 S.W.2d 863, 866 (Tex. 1976).

The burden rests upon the appellant in a divorce case to show from the record that the division was so disproportionate so as to be manifestly unfair if he is trying to show an abuse of discretion. *Pruske v. Pruske,* 601 S.W.2d 746 (Tex.Civ. App.—Austin 1980, writ dism'd); *Law v. Law,* 517 S.W.2d 379 (Tex.Civ.App.—Austin 1974, writ dism'd); *Cusack v. Cusack,* 491 S.W.2d 714 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd). In addition, where appellant is complaining of a mischaracterization of community property as separate property, he must show that the trial court would probably have made a different division of it if the property had been properly characterized. *McLemore v. McLemore,* 641 S.W.2d 395 (Tex.App.—Tyler 1982, no writ); *Jensen v. Jensen,* 629 S.W.2d 222 (Tex.App.—Tyler 1982), aff'd on other grounds, 26 Tex.Sup.Ct.J. 480 (July 6, 1983); *Smith v. Smith,* 620 S.W.2d 619 (Tex.Civ.App.—Dallas 1981, no writ).

First of all, respondent has not shown this Court that the error in characterization resulted in a division which was so disproportionate as to be manifestly unfair. Respondent received certain items of community personalty, $22,005 in proceeds

from a life insurance policy paid for with community funds, and the entire community interest in his company pension plan in addition to the $3,000 for his interest in the residence. The circumstances of this case do not support the conclusion that the property division was unjust and unfair. Petitioner has one son from a previous marriage. The proceeds from the life insurance policy were received as a result of the death of her other son. Petitioner had only recently returned to employment. Given all of these circumstances, we hold that the division of the estate of the parties was not so manifestly unfair so as to be an abuse of discretion.

In addition, respondent has failed to show this Court that the trial court would have made a different division even if the residence had been properly characterized. Therefore, also we hold that there was no abuse of discretion since respondent has not shown that the trial court would have made a different division if the residence had been properly characterized.

Accordingly, the judgment of the trial court is AFFIRMED.