**H. Thomas HIRSCH, Appellant,**

v.

**Marsha L. HIRSCH, Appellee.**

No. 08-88-00325-CV.

Court of Appeals of Texas, El Paso.

May 10, 1989.

John G. Hyde, Freeman, Hyde & Martin, Midland, for appellant.

Thomas M. Bruner, Boldrick & Clifton, James P. Boldrick, Midland, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a decree granting a divorce between the parties on the grounds of cruelty and providing for division of the marital estate. Trial was to a jury. The Appellant, H. Thomas Hirsch, a lawyer by profession, asserts four points of error. In the first of these, he complains that a question was submitted to the jury on a ground for the divorce not raised by the pleadings. In the second, he claims the court erred in the instructions and questions given to the jury in connection with

the value of his law practice. In his third and fourth points of error, he asserts that the court erred in awarding Appellee a judgment lien against his separate property to secure her share of the community and in making an inequitable division of the community estate. We reverse and remand.

The parties in this case were married to each other on October 25, 1974, and ceased to live together on July 23, 1986. There was one child, a daughter, born of this marriage on January 20, 1976. Appellant had practiced law since the mid 1960's and had formed a professional corporation for that purpose in 1976. Some of the assets of the corporation were acquired before marriage and some after. The parties accumulated a marital estate during their marriage consisting of both real and personal property and cash funds. They also had substantial debts owing at the time of trial.

■ Appellee filed suit for divorce on August 7, 1986, alleging insupportability as the sole ground for divorce. On January 4, 1988, an amended petition (Second Amended Original Petition for Divorce) was filed, this time alleging adultery as the sole ground for the divorce. The only "grounds" question submitted to the jury was on cruel treatment, which was answered affirmatively. During the trial, evidence of both cruelty and adultery on the part of Appellant came in without objection. However, Appellant did timely object in writing to the submission of the cruel treatment question. Appellee did not request a trial amendment to conform the pleadings to the evidence. Appellee claims that the issue of cruelty was tried by consent under Tex.R.Civ.P. 67. Although evidence of cruelty may have come before the jury without objection, there is no trial by consent for two reasons: First, the evidence may be admissible to support a plea for an unequal division of community property, and second, Appellant properly objected to the question on cruelty because its submission was not supported by the pleadings. Even if the complaining party did not object to testimony on an issue not

pled, if he objects to the submission of that issue on some tenable grounds, he cannot be regarded as having impliedly consented to the trial of such issue. *Harkey v. Texas Employers' Ins. Ass'n*, 208 S.W.2d 919 (Tex.1948). *Green v. Helmcamp Insurance Agency*, 499 S.W.2d 730 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). *Travelers Insurance Company v. Sides*, 403 S.W.2d 519 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.).

■ There can be no issue submitted to the jury unless it has been raised by the pleadings and the evidence. *Ellzey v. Allen*, 172 S.W.2d 703 (Tex.Civ.App.—Amarillo 1943, writ dism'd). Rules 66 and 67, Tex.R.Civ.P., require that a party requesting submission of a question raised by the evidence but not by the pleadings, offer a trial amendment. This was not done. Appellee's suggestion that the allegations of adultery as the ground, and allegations of fault, wasting of community assets and gifts to paramours, made in connection with her request for a disproportionate share of the marital estate, encompass the issue of cruelty, is without merit. Cruel treatment is a separate ground that must be pled. The first point of error is sustained.

■ In his second point, Appellant urges that the trial court erred in the instructions and questions it submitted to the jury on the value of his law practice. Our examination of the charge given to the jury reveals that no instruction was given by the court in connection with the two questions relating to the value of Appellant's law practice and the amount that should be awarded to Appellee for her interest in such practice. There appears in the transcript, an instruction relating to the value of Appellant's practice, erroneously entitled "Respondent's Objection to Jury Charge," which does not contain the endorsement of the trial judge, as required by Tex.R.Civ.P. 276, and thus, cannot be considered for that reason and the fact that the failure to include it in the charge is not raised by appropriate point of error. Tex.R.App.P. 74. There was an objection in writing to Special Issue No. 4, which asked

the jury to find the present market value of Appellant's professional corporation, on several grounds including the failure of the Appellee "to establish the value of the [Appellant's] law practice as of October 25, 1974, the date of marriage; ... [Appellant] traced by clean [sic] and convincing evidence that the assets of the professional corporation were in existence prior to the marriage and [Appellant's] separate property;" the failure "to establish a reasonable fair market value of the professional corporation apart from [Appellant's] personal ability and skill as an attorney;" and the inability of Appellee's expert witness to place separate values on the goodwill and the tangible assets of the corporation, it being Appellant's contention that the goodwill is not a "divisible marital property right."

██ Under *Nail v. Nail*, 486 S.W.2d 761 (Tex.1972), and its progeny: *Geesbreght v. Geesbreght*, 570 S.W.2d 427 (Tex.Civ.App. —Fort Worth 1978, writ dism'd); *Stephens v. Stephens*, 625 S.W.2d 428 (Tex.Civ.App. —Fort Worth 1981, no writ); *Finn v. Finn*, 658 S.W.2d 735 (Tex.App.—Dallas 1983, writ ref'd n.r.e.), it has become relatively clear that goodwill is not to be included or considered when placing a value on a professional corporation unless it can be determined first, that the goodwill exists independently of the personal ability of the professional person, and second, that if such goodwill does exist, it has a commercial value in which the community estate is entitled to share. *Finn*, 658 S.W.2d at 741. Where the entity is a one person professional corporation conducting business in that person's name, it would be difficult to get past the first prong of the test. In this case, there is no evidence that goodwill existed independently of the personal ability of Appellant.

During the trial, Appellee called Dr. Eugene Nini as an expert to testify concerning the valuation of Appellant's professional corporation law practice. Based on his examination of corporate records, including tax returns, Nini concluded that the law practice had a present value of $444,774.00. He arrived at this figure by multiplying a five year average of the annual gross receipts of the corporation by one and a half, which the witness stated took into consideration the tangible and intangible assets, including the goodwill of the business, and the liabilities. Appellant did not specifically ask Nini what the valuation of the law practice would be if goodwill was excluded. After the testimony was concluded, Appellant made an objection to Nini's testimony and asked that it be stricken, which the court denied. The denial of Appellant's motion to strike testimony is not properly before this Court. Furthermore, the objection and motion were tardy and lacked the necessary specificity. Properly, the witness should have been taken on voir dire and if and when it was determined that he could not put a value on the corporation not including goodwill, his testimony should have then been excluded upon proper motion.

██ Under the facts of this case, the burden was on Appellant to rebut the presumption that all property possessed by the parties at the time of divorce was community by clear and convincing evidence. Tex. Fam.Code Ann. sec. 5.02 (Vernon 1975). This was an issue for the jury. The global issue submitted by the trial court: "[F]ind from ... the evidence ... the present market value of ... H. Thomas Hirsch & Associates, P.C.," improperly allowed the jury to find that all of the corporate assets were acquired during the marriage when there was at least some evidence to the contrary, and did not exclude goodwill from the value of the corporation. The issue as submitted was erroneous. Point of Error No. Two, insofar as it challenges Special Issue No. 4, is sustained. Appropriately worded questions and instructions should have been given. Where no instruction is given, failure of the complaining party to tender a substantially correct instruction waives the error, if any, on appeal. *Texas Employers' Ins. Ass'n v. Mallard*, 182 S.W.2d 1000 (Tex.1944); *Lifestyle Energy Corporation v. John Wilson Drilling Company*, 611 S.W.2d 709 (Tex.Civ.App.—El Paso 1981, no writ); Tex.R.Civ.P. 274, 279.

■ Appellant complains in his third point that the court in its divorce decree erred by ordering as security for the payment of a promissory note, to be made by Appellant payable to Appellee for a portion of her share in the community estate, an equitable lien against all of the property or assets awarded to Appellant by the decree, and in his fourth point that the trial court abused its discretion in making an inequitable division of the marital estate in two particulars. In view of the fact that judgment is being reversed and the case remanded for new trial under the first point of error, consideration of these points is not necessary. However, several principles of law may be appropriate and helpful. It is for the jury to determine the character or status of property possessed by the parties at the time of the divorce and the trial court may not ignore jury findings of fact from which the status of property is determined. *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975); *Goetz v. Goetz*, 534 S.W.2d 716 (Tex.Civ.App.—Dallas 1976), appeal after remand 567 S.W.2d 892 (Tex. Civ.App.—Dallas 1978, no writ). The trial court is vested with authority to affix a lien on the separate property of one spouse to secure the discharge of payments by the owner of that property to the other spouse. *Smith v. Smith*, 715 S.W.2d 154, 157 (Tex. App.—Texarkana 1986, no writ); *Cook v. Cook*, 665 S.W.2d 161 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *Buchan v. Buchan*, 592 S.W.2d 367 (Tex.Civ.App.— Tyler 1979, writ dism'd). This does not result in the kind of divestiture of separate property forbidden by *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977). *Smith*, 715 S.W.2d at 158.

■ With respect to the complaint that the trial court abused its discretion in making an unequal division of the community property, it is well settled that the court has wide discretion in making the division in a manner which it deems just and right, and that the exercise of that discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Smith*, 715 S.W.2d at 155; *Goetz*, 534 S.W.2d at 718.

The judgment of the trial court is reversed and the cause remanded for retrial.