**Edward Eugene HOPF, Appellant,**

v.

**Carolynne Procell HOPF, Appellee.**

**No. C14–90–01152–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 5, 1992.

Rehearing Denied Dec. 23, 1992.

Robert Charles Graves, Mark E. Sandridge, Houston, for appellant.

Patricia Gray, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Edward Eugene Hopf appeals from the trial court's division of the marital estate and order to pay child support in the final divorce decree. Appellant raises four points of error alleging the trial court mischaracterized certain property as part of the community estate and abused its discretion in awarding $900.00 per month in child support and a disproportionate share of the community estate to appellee. We reverse and remand.

Appellee filed her petition for divorce in June 1989. The trial court entered a decree of divorce on August 27, 1990, appointing appellee managing conservator of the child and appointing appellant possessory conservator. The trial court ordered appellant to pay $900.00 per month in child support. In dividing the community estate, the trial court awarded appellee the following items: (1) a residence at 309 Ivy Lane, Dickinson, Texas; (2) a .96 acre parcel of land in Natchitoches Parish, Louisiana; (3) all household furniture and other house-

hold items in appellee's possession; (4) all clothing and personal items in appellee's possession and belonging to the child; (5) all sums of cash in appellee's name; (6) all sums in employment-related benefits plans; (7) all life insurance policies insuring appellee and the child; and (8) two vehicles and a boat.

The trial court awarded appellant the following items: (1) a residence at 932 Bonita, Hitchcock, Texas; (2) all household furniture and other household items in appellant's possession; (3) all clothing and personal items in appellant's possession; (4) all sums of cash in certain accounts at Citizens State Bank, NCNB Texas, Bankers Savings and Loan Association, League City National Bank, and Clear Lake National Bank; (5) all sums in employment-related benefit plans; (6) all stock in appellant's name; (6) all life insurance policies insuring appellant; (7) one vehicle and two boats; and (8) appellant's CPA business. At appellant's request, the trial court also filed Findings of Fact and Conclusions of Law.

In point of error one, appellant claims the trial court erred in including in the community estate certain separate property of appellant and property owned by a third party. Appellant complains that the trial court erred in treating a residence, owned by W.A. Lewis, as part of the community estate. Appellant further contends the trial court mischaracterized his business and retirement account as community property.

A trial court has broad discretion in dividing property in a divorce action, but the court must confine itself to the community property of the parties. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex.1985). In appealing from the trial court's division of property, the appellant must demonstrate from the evidence in the record that the division is so unjust and unfair as to constitute an abuse of discretion. *Welch v. Welch*, 694 S.W.2d 374, 376 (Tex.App.—Houston [14th Dist.] 1985, no writ).

We turn first to appellant's contention that his CPA business and retirement account were his separate property because both were created before the marriage. As to appellant's CPA business, the evidence shows that appellant acquired an interest

in the building in which his business is located before the marriage. This interest in the real property was separate property. *See Saldana v. Saldana*, 791 S.W.2d 316, 319 (Tex.App.—Corpus Christi 1990, no writ). Appellant's earnings from this business during the marriage, however, were community property. *Meshwert v. Meshwert*, 543 S.W.2d 877, 879 (Tex.Civ.App.—Beaumont 1976), *aff'd*, 549 S.W.2d 383 (Tex.1977). Thus, any accounts receivable of appellant's business were community property subject to division. Furthermore, any business equipment, inventory, furnishings or other items on hand at the time of divorce were presumptively community property. TEX.FAM.CODE ANN. § 5.02 (Vernon Supp.1992). Appellant had the burden of overcoming this community presumption by clearly tracing the origins of this property as separate property. *In re Marriage of Read*, 634 S.W.2d 343, 346 (Tex.App.—Amarillo 1982, writ dism'd).

The trial court awarded appellant the CPA business, "including but not limited to all furniture, fixtures, machinery, equipment, inventory, accounts receivable, goods, and supplies; all personal property used in connection with the operation of such business; and any and all rights and privileges, arising out of or in connection with the operation of such business." The trial court did not include the real property interest in its award. We find no evidence tracing the origin of the business equipment or other items to overcome the presumption that these items were community property. Thus, the trial court did not err with respect to this award.

We turn next to appellant's assertion that his retirement account was his separate property because he initiated it before marriage. Generally, retirement benefits that accrue during marriage are community property. *Bankston v. Taft*, 612 S.W.2d 216, 217 (Tex.Civ.App.—Beaumont 1980, writ dism'd). The asset in question appears to be an IRA or Keogh account opened by appellant before the marriage. Appellant produced no evidence showing the amount in this plan before marriage, on the date of marriage, or the

amounts of any deposits or withdrawals before or during the marriage. Appellee testified that deposits were made to her and appellant's retirement accounts during the marriage, but there is no evidence of amounts. Appellant testified that at the time of trial the value of the plan was approximately $50,000.00–60,000.00.

We find this somewhat analogous to the bank accounts opened before marriage in *Snider v. Snider,* 613 S.W.2d 8 (Tex.Civ. App.—Dallas 1981, no writ). In *Snider,* the husband had opened a checking and savings account before marriage. *Id.* at 10–11. The record in that case failed to reflect the balance of the checking account at the time of the marriage or the amounts and character of deposits and withdrawals. *Id.* at 10. Absent this evidence, the court held that the balance was presumptively community property. *Id.*

We find no evidence in the record about appellant's retirement account balance before marriage, or of the amounts or character of any deposits or withdrawals during the marriage. Therefore, we hold that the account was presumptively community property. Appellant failed to trace any separate property interest in the retirement account. Thus, the trial court did not err in classifying this asset as community property.

We now turn to appellant's claim regarding the real property at 932 Bonita. Appellant contends that this property was owned by W.A. Lewis and was not part of the community estate. In its Findings of Fact and Conclusions of Law, the trial court found that appellant and appellee jointly owned the residence at 932 Bonita (the trial court actually refers to this as "902 Bonita," which appellant agrees is a typographical error). The court further found that the parties jointly sold this property and held a second lien note and that W.A. Lewis acquired the property in February 1990 by foreclosure, terminating the second lien note owed to appellant and appellee. The trial court further found that appellant continued to occupy this residence at the time of entry of the divorce decree.

Appellant testified that he purchased this residence from Bayou Vista Development Company in 1978 before the marriage. This property was sold in 1979 to Mark and Janet Peebles, with the Peebles assuming the Bayou Vista note and executing a second note in favor of appellant and appellee. The note in favor of appellant and appellee provides that it is secondary and inferior to the lien securing payment of the note, in the original principal sum of $40,000.00, payable to Bankers Savings and Loan Association. Under the terms of this note, the Peebles were to pay $23,314.95 to both appellant and appellee. The Deed of Trust for this second lien provides that the Peebles are not to assign, sell, pledge or mortgage the property without first obtaining the written consent of the beneficiaries, appellant and appellee.

On January 4, 1980, appellant and appellee entered into a Repurchase Agreement whereby Bayou Vista Development Company agreed to convey title in this property to appellant and appellee if Banker's Savings and Loan became the titleholder through foreclosure. Appellant testified that he had bought out the interest of Bayou Vista Development Company.

By assumption deed dated February 1990, the Peebles sold this property to Walter A. Lewis. There was no evidence that the Peebles obtained the written consent of appellant and appellee before conveying the property to Lewis. In this deed, Lewis assumed the obligation to pay the $40,000.00 indebtedness owed to Bankers Savings and Loan and the $23,314.95 indebtedness due and owing to "EUGENE HOPF, a single man, . . . ," although at the time of this transaction appellant was not yet a single man. Furthermore, the original note for $23,314.95 was payable to both appellant and appellee. The last page of the deed provided that, after recording, the deed was to be returned to Walter A. Lewis, in care of appellant. Appellant testified that he continues to live in this residence. When asked whether he makes payments on the note on this house, appellant testified that he pays rent to Banker's Savings and Loan.

The only evidence regarding the original purchase of this property is appellant's testimony that he purchased it in 1978, before his marriage to appellee. Documentary evidence shows that appellant and appellee conveyed the property and took a second lien which required written consent of both appellant and appellee for the resale of the property. The evidence also shows that the property was resold to Lewis, without consent of appellee, during the pendency of the divorce action. This evidence does not, however, show that the property was sold in foreclosure proceedings such that the second lien note was terminated. Appellee claims that Lewis is a business associate of appellant's. Furthermore, rather than paying rent to the record owner of the property, Walter Lewis, appellant pays rent to the holder of the first lien, Bankers Savings and Loan.

We agree with appellant that the evidence shows the property at 932 Bonita was originally appellant's separate property. Although the sale of the residence to Lewis and appellant's continued occupancy raise questions that were not fully explored in the record, this property was no longer appellant's separate property at the time of filing of the divorce petition. Certainly, there is no evidence showing that this property was community property at the time appellee filed her petition for divorce.

Furthermore, there is no evidence in the record before us supporting the trial court's finding that this property was acquired in foreclosure by W.A. Lewis such that the second lien note owed jointly to appellant and appellee was terminated. Absent such evidence, this note was community property subject to division despite the provision in the 1990 assumption deed in which Lewis promises to pay this debt to appellant only. We sustain point of error one only as to the award of the residence at 932 Bonita.

▮ Although a trial court has wide discretion in dividing the estate, the court must limit itself to the community property of the parties. *Jacobs*, 687 S.W.2d at 733. When a trial court commits reversible error materially affecting the "just and right" division, the appellate court must remand the entire community estate for a new division. *Jacobs*, 687 S.W.2d at 733. Here, the trial court improperly classified the Bonita residence as community property subject to division.

▮ Appellant claims that this error in awarding the Bonita property materially affects the just and right division of the community estate. Appellant contends his award constitutes only 14% of the community estate if the award does not include the Bonita property, the CPA business, or the retirement account. We have previously held, however, that the trial court did not err in awarding the business or the retirement account. There is little evidence regarding the value of appellant's CPA business and there is no evidence of the market value of the Bonita property. The two liens on the house assumed by the last purchaser reflect a value of at least $50,000.00.

The lack of evidence regarding value of these two assets is illustrative of the lack of evidence regarding most assets. Documentary evidence consists of appellant's inventory and appraisement of various separate and community assets, appellant's handwritten spreadsheets, a few promissory notes and deeds of trust, some documents filed in other lawsuits, and income tax returns. Because the parties were heavily involved in real estate investments and other businesses, we are surprised at the lack of documentary evidence that should exist. Furthermore, counsel for both parties failed to question the parties about many assets and, even when they did inquire about specific assets, they often did not ask enough questions to obtain testimony about value, status, or other details necessary to the trial court in dividing the estate.

Because the Bonita residence appears to be one of the most valuable assets awarded to appellant and the evidence of value of the other assets awarded is weak or nonexistent, we hold that the mischaracterization of the Bonita property was reversible error affecting the trial court's "just and right" division. Therefore, we must remand the entire community estate for a new division. *See Jacobs*, 687 S.W.2d at 733. Since we

are reversing and remanding the case based on our disposition of point of error one, we need not address appellant's other points of error.

We reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.