Darryl Franklin SIEFKAS, Appellant,

v.

Denise Marie SIEFKAS, Appellee.

No. 08–93–00027–CV.

Court of Appeals of Texas,
El Paso.

June 8, 1995.

Raymond M. Hill, Raymond M. Hill & Associates, Houston, for appellant.

Ray Pearson, Pearson, Warach & Wales, El Paso, for appellee.

Before BARAJAS, C.J., and CHEW and HILL (sitting by assignment), JJ.

## OPINION

BARAJAS, Chief Justice.

Darryl Franklin Siefkas appeals the property division ordered by the trial court in his divorce case. Appellant alleges the trial court divided the parties' property such that Appellee's net award consisted of assets of $95,530.26 and that his net award consisted of liabilities of $716,606.11. We affirm the portion of the trial court's decree granting the parties a divorce, reverse the portion ordering a property division, and remand the cause to the trial court for a new determination of the property issues.

## DISCUSSION

 Appellant attacks the property division in eleven points of error. In Points of Error Nos. Nine through Eleven, Appellant complains of the trial court's alleged entry of relief pending appeal, alleged issuance of contempt citations for failure to comply therewith, and alleged setting of a show cause hearing in the matter. Appellant attaches what he alleges to be the relevant court orders and other documents to his brief as appendices three through eight. Nothing supporting the allegations in Appellant's ninth through eleventh points of error appears in the record. Appellee moves us to strike these portions of Appellant's brief.

 It is elementary that, with limited exceptions not material here, an appellate court may not consider matters outside the appellate record. *Sabine Offshore Service v. City of Port Arthur*, 595 S.W.2d 840 (Tex. 1979); *Perry v. Kroger Stores*, 741 S.W.2d 533 (Tex.App.—Dallas 1987, no writ). That record consists of the transcript and, where necessary, a statement of facts. Tex. R.App.P. 50(a). Material outside the record that is improperly included in or attached to a party's brief may be stricken. *Henslee v. State*, 375 S.W.2d 474 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.); *Humble Oil & Refining v. State*, 158 S.W.2d 336, 338 (Tex.Civ. App.—Austin 1942, writ ref'd). Because Appellant's ninth through eleventh points of error and appendices three through eight of his brief concern matters outside the record, we grant Appellee's motion to strike them. We therefore do not address Appellant's Points of Error Nos. Nine through Eleven and do not consider the offending portions of his brief for any purpose.

 In Points of Error Nos. One and Two, Appellant challenges the overall division of property, claiming it was manifestly unjust and not supported by sufficient evidence. It is well settled that the court has wide discretion in making the division in a manner that it deems just and right, and that the exercise of that discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Vannerson v. Vannerson*, 857 S.W.2d 659 (Tex.App.— Houston [1st Dist.] 1993, writ denied); *Hopf v. Hopf*, 841 S.W.2d 898 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Hirsch v. Hirsch*, 770 S.W.2d 924, 928 (Tex.App.—El Paso 1989, no writ).

In advancing Point of Error No. One, Appellant attempts to describe in his brief what he alleges to be the financial values that resulted from the trial court's property division, listing the value of his award, Appellee's award, and certain components of each. We note however, that the values he uses do not appear in the trial court order embodying the property division. While this Court can trace some of the values to the record, we cannot discern the sources of others. Aside from a global reference to the Inventory and Appraisement he filed with the trial court, Appellant directs us to none. The trial court did not file findings of fact and conclusions of law that reflect the values it assigned to each asset or liability. The trial court order dividing the property clearly disposes of many assets and liabilities, but makes no effort to value each item. This difficulty is compounded by Appellant's use of only aggregate figures for his and Appellee's award, while the trial court's order disposes of particular assets and liabilities. Appellant wholly fails to explain how he derived his figures. Appellee in her brief objects to many of the figures Appellant claims to derive from the property division, citing an inability to locate in the record the values or even the categories to which Appellant assigns them. We find ourselves in a similar quandary.

Without itemization or even citation to the sources of the values he uses, this Court is unable to adequately assess the values of the divided assets and liabilities, which assessment is a necessary predicate to determining whether the trial court abused its discretion. Because Appellant bears the burden of demonstrating an abuse of discretion, but has failed to provide us the information we require to examine his claim, we overrule Points of Error Nos. One and Two.

In Points of Error Nos. Five through Eight, Appellant claims the trial court erred when it ordered him to pay the second mortgage on the community homestead and secured payment thereof by awarding Appellee a possessory lien on that portion of the community estate awarded to Appellant. While Appellant here brings four separate and distinct points of error, he fails to brief them individually. Nonetheless, we find it convenient to segregate discussion of these points of error.

Appellant's Points of Error Nos. Six and Eight respectively challenge the sufficiency of the evidence to support the trial court's order that he pay the second mortgage and its order securing payment thereof with a possessory lien on the community property awarded to Appellant. These complaints are duplicative of his first, second, and seventh points of error, and are therefore more appropriately addressed under those points of error. Alternatively, assuming Appellant attempts in his sixth and eighth points of error to raise issues not raised by his first, second, and seventh points of error, the former are controlled by the same principles and encounter the same difficulties as the latter. Accordingly, we overrule Appellant's sixth and eighth points of error for the reasons stated in our discussion of his first, second, and seventh points of error.

In Point of Error No. Five, Appellant claims the trial court erred by requiring him to pay the second mortgage on the community homestead because such compelled payment constituted de facto alimony. The statutes and public policy of Texas do not sanction permanent court-ordered alimony. *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 402–03 (Tex.1979); *Francis v. Francis,* 412 S.W.2d 29, 32 (Tex.1967). Alimony consists of periodic payments that are ordered by a court for the support of a former spouse and that are imposed as a personal obligation. *Francis v. Francis,* 412 S.W.2d at 33. Post-divorce payments do not constitute alimony if they are directly referable to the rights and equities of the parties in community property at the time of divorce. *Price v. Price,* 591 S.W.2d 601, 603 (Tex.Civ.App.—Tyler 1979, no writ).

The second mortgage was given by the parties to secure repayment of a home improvement loan. The balance owing on the loan in July of 1992 was $13,898.49. Thus, by ordering Appellant to pay off the mortgage, the trial court made him liable for a sum certain. A cash award can result from an effort by the trial court to balance the equities of the parties' property. *Wierzchula v. Wierzchula,* 623 S.W.2d 730, 733 (Tex.Civ.

App.—Houston [1st Dist.] 1981, no writ). Moreover, the divorce decree does not impose on Appellant a personal obligation to pay this sum. The obligation results from the home improvement loan, which is directly tied to the marital residence that was purchased as community property during the term of the marriage. That the liability is not personal to Appellant is supported by the trial court's decision to secure his payment of the loan with a possessory lien in favor of Appellee on the community property awarded to Appellant. The obligation is directly referable to community property.

In the further alternative, we note that the divorce decree does not order Appellant to make payments directly to Appellee. It orders him to pay the second mortgage, and there is no evidence that the mortgage is held by Appellee. Appellant argues that his future loan payments will effectively be made to Appellee because she was awarded possession of the house. But the house and both mortgages thereon were acquired and given by the community estate during the term of the marriage. Consequently, we find that the assignment of the second mortgage to Appellant merely assigns to him a portion of the community's debt, and does not result in court-ordered payments directly to or even for the benefit of Appellee. Because the assignment of liability for the second mortgage to Appellant was essentially a cash award, was directly referable to property, did not result in direct payments to Appellee, and did not impose a personal obligation on Appellant, we conclude that the trial court did not order Appellant to pay alimony in violation of Texas law. Accordingly, Point of Error No. Five is overruled.

In Point of Error No. Seven, Appellant claims the trial court abused its discretion when it secured his payment of the second homestead mortgage by awarding Appellee a possessory lien on some of the property awarded to Appellant as his share of the community estate. Appellant claims the possessory lien is manifestly unjust because it denies him his adjudicated share of the community estate until he has completely discharged liability for the second lien.

Once again we note that a trial court has broad discretion to divide community property to arrive at a just and right allocation thereof. *Mullins v. Mullins*, 785 S.W.2d 5, 8 (Tex.App.—Fort Worth 1990, no writ). Consequently, this Court will disturb the trial court's property division only if it abuses its discretion. *Vannerson v. Vannerson*, 857 S.W.2d at 659; *Hopf v. Hopf*, 841 S.W.2d at 898; *Hirsch v. Hirsch*, 770 S.W.2d at 928. Trial courts are vested with the authority to grant equitable liens to secure the discharge of payments from one spouse to the other. *Bowden v. Knowlton*, 734 S.W.2d 206, 208 (Tex.App.—Houston [1st Dist.] 1987, no writ).

The record in the instant case shows that trial court awarded the community residence to Appellee and assigned to her liability for the primary mortgage on the house. The trial court awarded to Appellant significant community personalty located in the house and assigned to him liability for the $13,898.49 second mortgage, but granted Appellee possession of the personalty until Appellant satisfies the second mortgage. We find that the possessory lien in Appellee's favor creates a reasonable and properly focused incentive for Appellant to pay the lien as ordered. Appellee is in a potentially precarious position because, if Appellant fails to make payments on the loan, she would be most affected by the ensuing foreclosure. The trial court's order has the salutary effect of reducing the likelihood that future court supervision of the matter will be necessary by giving Appellant a personal incentive, in addition to the general incentive to obey court orders, to meet his obligation. Assuming Appellant seeks possession of the community property awarded him, this incentive carries some force from the moment of divorce and requires no threat of cumbersome efforts to seek court enforcement to be effective.

We further note that Appellant can obtain immediate possession of his share of community property by paying off the second mortgage. Should he not have the financial wherewithal to do so in cash, he can refinance the debt in his name, thereby satisfying his obligation for the community debt and

obtaining possession of the personalty in Appellee's possession. Further, the divorce decree makes Appellant the beneficiary of a similar possessory lien. The decree awards certain stereo equipment in Appellant's possession to Appellee, but allows him to keep it until he obtains certain other stereo equipment in Appellee's possession that was awarded to Appellant. Because the possessory lien Appellant complains of gives him a reasonable incentive to pay off the second mortgage, will reduce the need for future court supervision, and because Appellant was awarded a similar possessory lien, we conclude that the trial court did not abuse its discretion by imposing it. Accordingly, we overrule Point of Error No. Seven.

In Points of Error Nos. Three and Four, Appellant alleges the trial court erred in characterizing as community property certain audio and computer equipment he alleges was owned by a professional corporation bearing his name. He also challenges the legal and factual sufficiency of the evidence to support the trial court's characterization.

In considering a "no evidence" legal insufficiency point, we consider only the evidence that tends to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). If there is more than a scintilla of evidence to support the questioned finding, the "no evidence" point fails. *Worsham Steel Co. v. Arias*, 831 S.W.2d 81 (Tex.App.—El Paso 1992, no writ); *Fuentes v. McFadden*, 825 S.W.2d 772 (Tex.App.—El Paso 1992, no writ).

A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d 131, 136 (Tex.App.—El Paso 1992, writ denied); *Chandler v. Chandler*, 842 S.W.2d 829, 832–33 (Tex.App.—El Paso 1992, writ denied). The reviewing court cannot substitute its conclusions for those of the fact finder. If there is sufficient competent evidence of probative

force to support the finding, it must be sustained. *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d at 136; *Chandler v. Chandler*, 842 S.W.2d at 833. It is not within the province of this Court to interfere with the fact finder's resolution of conflicts in the evidence or to pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the fact finder's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508 (Tex. 1947); *Oechsner v. Ameritrust Texas, N.A.*, 840 S.W.2d at 136; *Chandler v. Chandler*, 842 S.W.2d at 833.

Section 3.63 of the Family Code provides that a divorce decree shall order a division of the "estate of the parties in a manner that the court deems just and right." TEX.FAM.CODE ANN. § 3.63(a) (Vernon 1993). The "estate of the parties" has been construed to mean only the community property of the parties. *Cameron v. Cameron*, 641 S.W.2d 210, 213 (Tex.1982); *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex.1977). It is well recognized that in ordering a division of the property, the trial court may not divest one party of his separate property. *Cameron v. Cameron*, 641 S.W.2d at 220; *Eggemeyer v. Eggemeyer*, 554 S.W.2d at 142. Appellant's claim that the trial court divided (as community property) property owned by a professional corporation bearing his name is analogous to a claim that the trial court so divided his separate property.

There is meager evidence in the record to support a characterization of the property as community, separate, or as owned by a third party. Appellee's brief directs us to an "Exhibit Two" in the statement of facts, which exhibit is titled "Siefkas' Assets" and consists of a 14–page listing of various property. Although not self-evident, the exhibit appears to itself be appended as an exhibit to a photocopy of Appellee's Inventory and Appraisement. The exhibit lists items of property near the left margin, with most items followed by typewritten information in one or more of six columns, which are titled "date of purchase," "purchase price," "gift," "his," "hers," and "ours." The document also bears

handwritten indications that various items are owned by Appellant's professional corporation, which indications largely do not correspond with the typewritten data. Appellee in her brief claims the typewritten indications of ownership reflect her characterization of the property and the handwriting reflects Appellant's characterization. Although Appellee's contention regarding the meaning of the handwriting on Exhibit Two is as plausible as not, the exhibit itself contains no evidence to support her assertion. The exhibit is neither signed nor authenticated by Appellant. We find no indication in the record that the exhibit was offered by him and Appellant directs us to none. Indeed, Appellant does not rely on it in any fashion. We therefore do not consider Exhibit Two as evidence of Appellant's characterization of the property it identifies.

The transcript contains a nearly identical document. It is titled Exhibit "A," and is properly incorporated into Appellee's sworn Inventory and Appraisement, which was filed in the trial court. Exhibit A bears the same typewritten information as Exhibit Two, and also contains similar handwritten markings that might be interpreted to indicate the ownership of various items. The handwritten markings, however, are not identical on both documents. Further, unlike Exhibit Two, Exhibit A contains no handwritten legend to give meaning to the handwriting on it. Thus, the handwriting on Exhibit A does not clearly serve to characterize any item of property.

We find that the record before us fails to provide a clear meaning for the handwriting on either Exhibit Two and Exhibit A. Insofar as the record does not indicate the origin of the handwriting on each exhibit, we do not consider them as Appellant's characterization of the property they identify. We find the handwriting on the exhibits to be mere extraneous markings, and consider the exhibits only as Appellee's characterization of the identified property because that is the only purpose discernible from the exhibits themselves.

Given our inability to attribute meaning to the handwriting on either exhibit, the remaining question is whether the exhibits pro-vide sufficient evidence to support the trial court's disposition of the property. This requires us to examine any evidence that contradicts Appellee's characterization, which largely identifies the disputed property as either community property or Appellee's separate property. Appellant in his brief alleges that certain property was owned by his professional corporation. This allegation is supported by the record in three instances. In his Inventory and Appraisement, Appellant makes no mention of the items he claims were owned by his professional corporation. His Inventory includes a statement that lists all community property in his possession and all of Appellee's separate property in his possession. Appellant also directs us to two portions of his deposition. The first reference is to the following exchange:

Q. [W]hat about—You got these speakers on here, haven't you?

A. Uh-huh. They're listed on a separate page. All that equipment is listed on a separate page. It's corporate equipment that's in the house.

The second reference is similarly cryptic:

Q. How about the computer equipment company? The computer equipment is owned by who that's located in the house?

A. The computer equipment that's located in the house is owned by the PC.

The foregoing reveals largely conflicting evidence. Appellant's integration-like clause in his Inventory simply contradicts Appellee's characterization of the property in Exhibit A. Appellant erroneously contends that neither deposition statement is controverted by Appellee. He ignores Exhibit A, which sufficiently evinces Appellee's differing characterization of the property to allow the trial court to choose her characterization over Appellant's. Further, even if we found Exhibit A insufficient to contradict Appellant's deposition statements, he makes no attempt to specifically identify the property encompassed by his deposition statements or even to identify the writing to which his first statement apparently refers. Further, while Appellant in his brief does set out the specific property he claims was owned by his professional corporation, he wholly fails to support his assertions with record evidence.

The evidence however, is in agreement with respect to two pieces of property. Exhibit A lists a Monroe Calculator and a loveseat, and indicates they are Appellant's **separate** property. Although Appellant offered no evidence on the matter, he now claims these items are the property of his professional corporation and were erroneously awarded to Appellee. Thus, there is no evidence to contravene Appellee's characterization of this property as Appellant's, and that they are not part of the community estate was consequently established as a matter of law. We therefore sustain Appellant's Points of Error Nos. Three and Four with respect to these two pieces of property.

Because the trial court has not favored us with findings of fact or conclusions of law, this Court is unable to identify the trial court's error with precision. It may have found the disputed property to be community property, the opposite of which we above found established as a matter of law, or it may have concluded that the property in question was Appellant's separate property or the property of his professional corporation. Either of the latter instances would constitute legal error because a court may not divest a spouse of separate real or personal property as part of a property division incident to a divorce. *Cameron v. Cameron,* 641 S.W.2d at 219–220. Further, unless the corporation is a spouse's alter ego, a court may only award a spouse's interest in the corporation, not specific corporate property. *Vallone v. Vallone,* 644 S.W.2d 455, 458 (Tex. 1982); *Thomas v. Thomas,* 738 S.W.2d 342, 343 (Tex.App.—Houston [1st Dist.] 1987, writ denied); *See also McKnight v. McKnight,* 543 S.W.2d 863 (Tex.1976) (holding that court has no authority to divide spouse's partnership assets; court can only divide spouse's partnership interest). Thus, we conclude that the trial court legally erred in its characterization of the property or in its disposition thereof.

We here confront the need to mandate appropriate remedial action. We are cognizant of case law that engages in what is essentially harmless error analysis. *See Scott v. Scott,* 805 S.W.2d 835 (Tex.App.—Waco 1991, writ denied); *Jones v. Jones,* 804 S.W.2d 623 (Tex.App.—Texarkana 1991, writ denied); *Smith v. Smith,* 620 S.W.2d 619, 624 (Tex.Civ.App.—Dallas 1981, no writ). These authorities state that mischaracterization of property will require reversal only if the mischaracterization materially affected the court's just and right division of the property. *See, e.g., Scott v. Scott,* 805 S.W.2d at 841. One case sets an even higher standard:

The trial court has broad discretion in dividing the property in a divorce action and its division will not be disturbed absent an abuse of discretion. *Reid v. Reid,* 658 S.W.2d 863 (Tex.App.—Corpus Christi 1983, no writ). The trial court's mischaracterization of property will require a reversal only if we determine that the division of the property made was, because of the legal error upon which it was based, so unfair as to constitute an abuse of discretion. *Cook v. Cook,* 679 S.W.2d 581 (Tex. App.—San Antonio 1984, no writ). In other words, appellant must show that, due to the trial court's legal error, the division of the property was so disproportionate so as to be manifestly unfair. *Reid v. Reid,* 658 S.W.2d at 865. Furthermore, appellant must show that the trial court would have probably made a different division of the property if it had been properly characterized. *Id.*

*Bradley v. Bradley,* 725 S.W.2d 503, 505 (Tex.App.—Corpus Christi 1987, no writ). These and other cases actually did reverse the decision, involved only the mischaracterization of community property as separate property, or, at most, involved the award to one spouse of what was already his separate property. In those instances, we find the principles set out in the foregoing quotation applicable. We have discovered no case, however, finding harmless a court's award to one spouse of the separate property of the other spouse, property over which a court can exercise no control in a property division incident to divorce. Our concerns on this matter were well expressed by the Beaumont Court of Appeals:

Having erred in its characterization would not necessarily require a reversal if the property had been awarded to Mr. Dawson. Since it was not, the award of

the property to Mrs. Dawson erroneously divested Mr. Dawson of his separate property. TEX.FAM.CODE ANN. sec. 3.63 (Vernon Supp.1989); *Cameron v. Cameron,* 641 S.W.2d 210, 215 (Tex.1982); *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 142 (Tex. 1977).

Mr. Dawson asks this court to reverse and render. This, however, would be manifestly unjust in that the court made its original division based upon the erroneous characterization. *Had the court correctly characterized the property as separate, the community estate may have been entitled to reimbursement for community funds expended on the separate property or there may have been an entirely different division of the community estate.* Therefore, having found error, in the interest of justice, we reverse and remand.

*Dawson v. Dawson,* 767 S.W.2d 949, 951 (Tex.App.—Beaumont 1989, no writ) (emphasis added). Other cases summarily reverse without purporting to examine the magnitude of the error or its effect on the overall division of property. *See Gutierrez v. Gutierrez,* 791 S.W.2d 659, 667 (Tex.App.—San Antonio 1990, no writ); *LeBlanc v. LeBlanc,* 761 S.W.2d 450, 453–54 (Tex.App.—Corpus Christi 1988, writ denied); *Thomas v. Thomas,* 738 S.W.2d at 342, 345.

■■■ The Texas Supreme Court has been quite clear that we have no authority to render judgment by entering a property division of our own making. *McKnight v. McKnight,* 543 S.W.2d at 866 (reversing this Court). A just and right division of community property is the exclusive province of the trial court. *Jacobs v. Jacobs,* 687 S.W.2d 731, 732 (Tex.1985). Although the value of the disputed property is small relative to the value of the other assets and liabilities divided between the parties, the trial court clearly erred by awarding to Appellee what may

have been Appellant's separate property, i.e., a Monroe calculator and a loveseat. Indeed, the true owner of the property may have been Appellant's professional corporation, a separate legal entity not a party to the proceedings. In either case, the trial court erred by dividing property not subject to its control and over which it could properly exercise absolutely no authority. Moreover, the just and right division of property between the parties was affected by the court's erroneous division of non-community property because the court actually awarded either Appellant's separate property or his professional corporation's property to Appellee. Because the trial court's erroneous division of non-community property may affect whether the trial court deems the remaining awards just and right, we remand the cause to the trial court for a new determination of the property issues. Further, because either error committed by the trial court is a legal one, we instruct the trial court to redivide the property without conducting a new evidentiary hearing or taking any new evidence whatsoever.[1] *See LeBlanc v. LeBlanc,* 761 S.W.2d at 453 (remanding for new property division without new evidentiary hearing because error was one of law by trial court); *Barker v. Barker,* 688 S.W.2d 121, 122 (Tex. App.—Corpus Christi 1984, no writ) (same). We affirm the portion of the decree granting the parties a divorce.

---

[1]. The trial court has heard the evidence and no more need be adduced because no further factfinding need occur. Indeed, because we find no error in the factfinding process and because the parties had ample opportunity to marshal their evidence, the trial court can enter a new property division without further prompting from the parties. As we make clear in the body of the opinion, the only reason we remand this cause is because of the erroneous characterization or disposition of two pieces of property, the collective value of which is a questionable part of the estate. Thus, the trial court will entirely remedy its error by relinquishing jurisdiction over the two pieces of property in the event it thinks them the separate property of Appellant's professional corporation, or by awarding them to Appellant as his separate property, providing, of course, that it otherwise deems the resulting property division just and right.