

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-371-CV

NAHIDA REZA                                                    APPELLANT

V.

MOHAMMED MORTAZA REZA                                          APPELLEE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After the execution of a mediated settlement agreement (MSA) and a hearing on a motion to set aside the MSA, the trial court signed a divorce decree and later denied Appellant Nahida Reza's motion for new trial. In four issues, Appellant complains about the property division. Because we hold that the trial court abused its discretion in dividing the marital estate, we reverse the

---

[1] See Tex. R. App. P. 47.4.

trial court's judgment in part and remand this case to the trial court for a new division of the marital estate.

In their MSA, the parties agreed, among other things, that Appellee Mohammed Mortaza Reza would get Sunset Gas and Grill and that Appellant would get Bowie Fina Mart. The agreement did not specifically state that "Sunset Gas and Grill" included the value of the associated real estate, nor did it specify that each store's inventory and value as a going concern was included in its respective value. A handwritten note appended to Exhibit A of the MSA provided, "Restructure the corporate entity consistent with the property settlement agreement."

The sparse record and briefs before us show that at the time the parties executed the MSA, D&R Investments, Inc., identified variously as a corporation and a limited liability company (LLC) owned by the parties, owned the two businesses as well as the real estate associated with Sunset Gas and Grill.[2] The record also shows that D&R had filed assumed name certificates in the

---

[2] *See Siefkas v. Siefkas*, 902 S.W.2d 72, 79 (Tex. App.—El Paso 1995, no writ) ("[U]nless the corporation is a spouse's alter ego, a court may only award a spouse's interest in the corporation, not specific corporate property."); *Thomas v. Thomas*, 738 S.W.2d 342, 343 (Tex. App.—Houston [1st Dist.] 1987, writ denied) (same); *see also* Tex. Rev. Civ. Stat. Ann. art. 1528n, art. 4.04 (Vernon 2003) ("A membership interest is personal property. A member has no interest in specific limited liability company property.").

names of Sunset Gas and Grill and Bowie Fina Mart. Neither party pled alter ego, nor was it tried by consent because there was no trial.[3]

D&R was not divided or even mentioned in the MSA. Nevertheless, in the divorce decree, the trial court awarded all interest in D&R to Appellee. Appellant complained of this award in her motion for new trial, preserving the issue. Because the MSA did not divide D&R, we hold that the trial court abused its discretion by awarding all interest in D&R to Appellee.[4] We therefore sustain Appellant's first issue. We do not reach her remaining issues.[5]

We affirm the trial court's judgment in part and reverse it in part. The parties have not challenged the validity of their divorced status or the provisions regarding the children. We therefore affirm that part of the trial court's judgment granting the divorce and all provisions related to the children. But because the trial court went beyond the terms of the MSA by awarding all

---

[3] *See Mapco, Inc. v. Carter,* 817 S.W.2d 686, 688 (Tex. 1991) (holding there was no support for judgment based on alter ego when it was neither pled nor tried); *Town Hall Estates Whitney, Inc. v. Winters*, 220 S.W.3d 71, 86 (Tex. App.—Waco 2007, no pet.) (same).

[4] *See* Tex. Fam. Code Ann. § 6.602(c) (Vernon 2006); *In re Marriage of Joyner*, 196 S.W.3d 883, 890 (Tex. App.—Texarkana 2006, pet. denied); *Garcia-Udall v. Udall*, 141 S.W.3d 323, 332 (Tex. App.—Dallas 2004, no pet.) (both holding that a trial court has no authority to enter a judgment that varies from the terms of a MSA).

[5] *See* Tex. R. App. P. 47.1.

interest in D&R to Appellee, we reverse that part of the trial court's judgment dividing the marital estate, and we remand this case solely for a new division of the marital estate.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DELIVERED:  October 2, 2008

4