COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-371-CV

 

 

NAHIDA REZA                                                                     APPELLANT

 

                                                      V.

 

MOHAMMED MORTAZA REZA                                                 APPELLEE

 

                                                  ------------

 

                FROM THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------








After the execution of a mediated settlement
agreement (MSA) and a hearing on a motion to set aside the MSA, the trial court
signed a divorce decree and later denied Appellant Nahida Reza=s motion
for new trial.  In four issues, Appellant
complains about the property division. 
Because we hold that the trial court abused its discretion in dividing
the marital estate, we reverse the trial court=s
judgment in part and remand this case to the trial court for a new division of
the marital estate.  

In their MSA, the parties agreed, among other
things, that Appellee Mohammed Mortaza Reza would get Sunset Gas and Grill and
that Appellant would get Bowie Fina Mart. 
The agreement did not specifically state that ASunset
Gas and Grill@ included the value of the
associated real estate, nor did it specify that each store=s
inventory and value as a going concern was included in its respective
value.  A handwritten note appended to
Exhibit A of the MSA provided, ARestructure
the corporate entity consistent with the property settlement agreement.@








The sparse record and briefs before us show that
at the time the parties executed the MSA, D&R Investments, Inc., identified
variously as a corporation and a limited liability company (LLC) owned by the
parties, owned the two businesses as well as the real estate associated with
Sunset Gas and Grill.[2]  The record also shows that D&R had filed
assumed name certificates in the names of Sunset Gas and Grill and Bowie Fina
Mart.  Neither party pled alter ego, nor
was it tried by consent because there was no trial.[3]

D&R was not divided or even mentioned in the
MSA.  Nevertheless, in the divorce
decree, the trial court awarded all interest in D&R to Appellee.  Appellant complained of this award in her
motion for new trial, preserving the issue. 
Because the MSA did not divide D&R, we hold that the trial court
abused its discretion by awarding all interest in D&R to Appellee.[4]  We therefore sustain Appellant=s first
issue.  We do not reach her remaining
issues.[5]








We affirm the trial court=s
judgment in part and reverse it in part. 
The parties have not challenged the validity of their divorced status or
the provisions regarding the children. 
We therefore affirm that part of the trial court=s
judgment granting the divorce and all provisions related to the children.  But because the trial court went beyond the
terms of the MSA by awarding all interest in D&R to Appellee, we reverse
that part of the trial court=s
judgment dividing the marital estate, and we remand this case solely for a new
division of the marital estate.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and MCCOY, JJ.

DELIVERED:  October 2, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]See Siefkas v. Siefkas, 902 S.W.2d 72, 79 (Tex.
App.CEl Paso 1995, no writ) (A[U]nless the corporation
is a spouse's alter ego, a court may only award a spouse's interest in the
corporation, not specific corporate property.@);  Thomas v. Thomas, 738 S.W.2d 342, 343
(Tex. App.CHouston [1st Dist.] 1987,
writ denied) (same); see also Tex. Rev. Civ. Stat. Ann. art. 1528n,
art. 4.04 (Vernon 2003) (AA membership interest is
personal property.  A member has no
interest in specific limited liability company property.@).





[3]See Mapco, Inc. v.
Carter,
817 S.W.2d 686, 688 (Tex. 1991) (holding there was no support for judgment
based on alter ego when it was neither pled nor tried); Town Hall Estates
Whitney, Inc. v. Winters, 220 S.W.3d 71, 86 (Tex. App.CWaco 2007, no pet.)
(same).





[4]See Tex. Fam. Code Ann. ' 6.602(c) (Vernon
2006); In re Marriage of Joyner, 196 S.W.3d 883, 890 (Tex. App.CTexarkana 2006, pet.
denied); Garcia‑Udall v. Udall, 141 S.W.3d 323, 332 (Tex. App.CDallas 2004, no pet.)
(both holding that a trial court has no authority to enter a judgment that
varies from the terms of a MSA).





[5]See Tex. R. App. P. 47.1.