**Margaret J. Weil BRADLEY, Appellant,**

v.

**Victor E. BRADLEY, Appellee.**

No. 13–86–419–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 19, 1987.

J. Perry Jones and Maria Antonio (Toni)
Ramirez, McAllen, for appellant.

Nolan K. Stutzman, Neil Norquest and
Keith C. Livesay, Ewers, Toothaker & Ab-
bott, McAllen, for appellee.

Before UTTER, SEERDEN and
DORSEY, JJ.

OPINION

UTTER, Justice.

This is an appeal from a decree of di-
vorce in which the trial court held that "no
community property other than personal
effects has been accumulated by the par-
ties." We reverse the judgment of the
trial court and remand for a new trial.

The parties were married on July 31,
1982 and were divorced on July 9, 1986.
On July 26, 1982, prior to their marriage,
appellant and appellee entered into a pre-
nuptial agreement. During the marriage,
appellant was not gainfully employed out-
side the home, and appellee's income was
derived from his medical practice.

In interpreting the prenuptial agreement, the trial court found that "the separate property of each of the parties as well as the revenues, increases, and income from such separate property, and from the respective personal efforts of each party belongs to that party." The trial court obviously considered appellee's income as being derived from appellee's personal efforts and concluded that such income was appellee's separate property.

■ By her second point of error, appellant contends that the trial court erred in determining that the prenuptial agreement operated to convert appellee's income from personal earnings into his separate property.

Paragraph 2, entitled "Stipulations of Parties," provides that "the general purpose and intent of the parties" is:

(a) that VICTOR and MARGARET will each continue to own and to manage his or her separate property,

(b) that all revenues, increases, and income from such separate property, and from their respective personal efforts will be subject to the sole management and control of the party whose separate property or personal efforts generated such revenues or income,

(c) that the parties will do any and all things necessary in order to establish or preserve the separate character of all revenues, increases, and income from such separate property, and from their respective personal efforts,....

Section (b) merely restates Tex.Fam.Code Ann. § 5.22 (Vernon 1975). Section (c) sets out the parties' intent to preserve the "separate property character" of "their respective personal efforts." However, the "respective personal efforts" do not acquire separate property character until they have partitioned and exchanged their respective community property interests in the income from each other's personal efforts.

Paragraph 7 of the agreement, entitled "Annual Partition and/or Exchange of the Community Estate, Pursuant to Section 5.42 of the Texas Family Code," provides:

that on or before the 15th day of April of each year during the existence of this marriage, VICTOR and MARGARET will fairly and reasonably partition (and/or exchange) in writing all of the community estate of the parties on hand that will have accumulated since January 1 of the preceding year whether it be in the form of cash, realty, or other assets.

Upon acquisition, appellee's earnings from his personal efforts became community property. They remain community property until partitioned and exchanged pursuant to Tex.Const. art. XVI, § 15, and Tex. Fam.Code Ann. § 5.42 (Vernon Supp.1987). The prenuptial agreement does not itself effect a partition and exchange of the parties' respective community interests in each other's personal earnings. It merely evinces an intent to do so in the future. Appellee testified and admitted that they have never done so.

Section 7 also provides that "[t]he failure of the parties to partition in writing the community estate, if any, ... shall not constitute a waiver of the parties' obligations and rights hereunder." Appellee contends that this provision should be interpreted to mean "that any *failure* by them to conduct their annual partitions would *not* constitute a waiver of their rights to claim the separate character of their property." [emphasis appellee's] Appellee's interpretation of this provision is contrary to the express provisions of Tex.Const. art. XVI, § 15, which requires a "written instrument" in order to partition and exchange community property interests.

We hold that the prenuptial agreement itself does not operate to partition and exchange the community property interests in each other's income from personal efforts. To the contrary, it merely contemplates a partition and exchange of community property interests in the future. Therefore, the trial court erred in its interpretation of the prenuptial agreement and in holding that appellee's income from his personal earnings was his separate property. Appellant's second point of error is sustained.

Appellant's third point of error, which contends that the trial court erred in deter-

mining that there was no community property of the estate, is also sustained.

■ The trial court has broad discretion in dividing the property in a divorce action and its division will not be disturbed absent an abuse of discretion. *Reid v. Reid,* 658 S.W.2d 863 (Tex.App.—Corpus Christi 1983, no writ). The trial court's mischaracterization of property will require a reversal only if we determine that the division of the property made was, because of the legal error upon which it was based, so unfair as to constitute an abuse of discretion. *Cook v. Cook,* 679 S.W.2d 581 (Tex.App.—San Antonio 1984, no writ). In other words, appellant must show that, due to the trial court's legal error, the division of the property was so disproportionate so as to be manifestly unfair. *Reid v. Reid,* 658 S.W.2d at 865. Furthermore, appellant must show that the trial court would have probably made a different division of the property if it had been properly characterized. *Id.*

■ In this case, the trial court made no division of the property of the marital estate because it determined that there was no community property to divide. The trial court decided that the marital estate consisted entirely of separate property and awarded it accordingly. Had the trial court properly characterized appellee's personal earnings, it would probably have made a different division of it. Therefore, the trial court's error in characterizing appellee's personal earnings resulted in a division which was so disproportionate as to be manifestly unfair.

Furthermore, "[w]hen determining what would constitute a fair division of the marital estate, the court may consider such factors as disparity of income or of earning capacity of the parties, their relative physical conditions and financial conditions, the size of their separate estates, business opportunities available to each spouse, and the nature of the property involved." *Cook v. Cook,* 679 S.W.2d at 585. Appellee's annual earnings are approximately $200,000.00, while appellant apparently was a housewife with no income. Appellee admitted that appellant has no profession or

vocation. In view of appellee's significantly greater income and earning capacity, the award to appellee of 100% of the community property constitutes a clear abuse of discretion and is manifestly unjust.

That portion of the trial court's judgment which dissolves the marriage of the parties is left undisturbed. The portion of the judgment dividing the marital estate is REVERSED and REMANDED to the trial court for further proceedings consistent with this opinion.

Having addressed the controlling issues, we decline to discuss appellant's remaining points of error. Tex.R.App.P. 90.