NUMBER 13-01-575-CV 

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                      CORPUS
CHRISTI B EDINBURG

                                                                                                     


 

WILBUR E. CHOATE  
                                                           Appellant,

 

                                                   v.

 

SUZANNE M. CHOATE                                                           Appellee.

 

                        On
appeal from the 411th District Court

                               of
San Jacinto County, Texas.

 

 

                                   O
P I N I O N

 

          Before
Chief Justice Valdez and Justices Castillo and Wittig[1]

                                   Opinion
by Justice Wittig

 








In a single issue, appellant Wilbur E. Choate, Sr.,
complains the trial court disproportionately divided the marital estate.  We will affirm.

I

In a trial to the court, appellant and appellee,
Suzanne M. Choate, ended their thirty year marriage.  Neither party filed an inventory or
appraisement nor did they call any expert witnesses.  The two parties testified about their views
of the value of their community real and personal property.  At the court=s request, both parties submitted proposed divorce
decrees and their respective lists for division of property.  Appellant did not appear at the hearing for
entry of judgment. The final decree of divorce was signed and entered May 3,
2001.  Appellant=s trial counsel prematurely filed a request for
findings of fact and law which was brought to the court=s attention May 29, 2001.[2]  Notice of appeal was filed July 6, 2001, and
appellant contemporaneously filed notice of past due findings of fact and law.

Appellant contends the trial court abused its
discretion in the division of the property. 
He argues the court awarded appellee variously between 64% to 66% of the
personalty and 82% to 84% of the realty. 
According to appellant, appellee was awarded some 70% of the total
community estate.  In its award, the
court divided the 46.648 acres of realty, 7.625 acres to appellant and 34.746
acres to appellee.  The parties testified
the acreage was valued between $2500 per acre to $4000 per acre.  According to appellant the personalty was divided
$68,375 to appellant and $107,550 to appellee. 
Appellee disagrees.








Appellant neglects to mention that, prior to trial,
he had already Asold off 20Bsomething head of cattle,@ leaving the 30 head awarded to appellee.  Nor does he mention appellee=s testimony that the tractors and hay equipment had
a value in excess of $120,000.  At the
same time, much of the personalty was either given no value by the parties or
was stated to be Aworthless.@         

  
II

The trial judge has wide discretion in dividing the
parties' community estate.   Murff v.
Murff, 615 S.W.2d 696, 698 (Tex. 1981); Winkler v. Winkler. 951
S.W.2d 80, 87 (Tex. App.BCorpus Christi, 1997, pet. denied).  The party attacking the property division
bears the heavy burden of showing that the trial court's property division was
not just and right.  Goetz v. Goetz,
567 S.W.2d 892, 896 (Tex. Civ. App.BDallas 1978, no writ).  We must indulge every reasonable presumption
in favor of the trial court's proper exercise of its discretion.   Vannerson v. Vannerson, 857 S.W.2d
659, 669 (Tex. App.BHouston [1st Dist.] 1993, writ denied).








One who complains of the trial court's division of
property must be able to demonstrate from evidence in the record that the
division was so unjust and unfair as to constitute an abuse of discretion.  Finch v. Finch, 825 S.W.2d 218, 221 (Tex.
App.BHouston
[1st Dist.] 1992, no writ); Wallace v. Wallace, 623 S.W.2d 723, 725
(Tex. Civ. App.BHouston [1st Dist.] 1981, writ dism'd).  A trial court's division will not be
disturbed on appeal unless it appears from the record that the division was
clearly the result of an abuse of discretion. 
Mogford v. Mogford, 616 S.W.2d 936, 944 (Tex. Civ. App.BSan Antonio 1981, writ ref'd n.r.e).  The test for whether the trial court abused
its discretion is whether the court acted arbitrarily or unreasonably.   Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑43 (Tex. 1985); see also Wilson v. Wilson, 44
S.W.3d 597,600 (Tex. App.BFort Worth 2001, pet. denied).  And finally, where the record does not
contain findings of fact and conclusions of law, it is implied that the trial
court made all necessary findings to support its judgment.  Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 83 (Tex. 1992).

  
III

Appellant argues for the application of our holding
in Butler v. Butler, 975 S.W.2d 765, 770 (Tex. App.BCorpus Christi, 1998 no pet.).  In Butler we held that a
mischaracterization of separate property as community property which resulted
in a 75% to 25% division, instead of the intended 60% and 40% division,
required a remand.  Id.  There is no mischaracterization here.  The only issue is whether the division of the
community property was properly deemed just and right by the trial judge.








The only proof of valuations was given by the two
interested parties.  In addition to the
testimony regarding some values of the property awarded, appellant also
admitted he engaged in adulterous relationships.  He failed to account for his sale of Black
Angus cattle,  withdrew, without notice,
$1000 from savings, and sold some farm equipment to someone whose name he
forgot.  The trial court, within its
discretion, can apply the Murff factors, in order to achieve a just and
right division.  Murff, 615 S.W.2d
at 699.  These factors include earning
capacity, fault in the break up, loss of benefit of continued marriage,
dissipation of assets and attorney=s fee, inter alia.  Id. 
The trial court had evidence to support his implied findings favoring
appellee.   Some of the evidence that
would support an unequal distribution of property included the length of the
marriage, that appellant was at fault for his adultery, and dissipation of
assets.  See Butler, 975
S.W.2d at 767-68.

We find ourselves in much the same position as the
El Paso court in Siefkas v. Siefkas, 902 S.W.2d 72, 75 (Tex. App.BEl Paso 1995, no pet.).  AThe trial court order dividing the property clearly
disposes of many assets and liabilities, but makes no effort to value each
item.@  Id. 
Here the decree awards some 17 specific items to appellee and some 16 items
to appellant.  However, a few groups of
property  awarded to appellant were
listed as, for example, Aall remaining tractors and equipment not
specifically awarded [to appellee].@  It is
virtually impossible, without inventories admitted into evidence and findings
by the court, for us to ascertain the propriety of appellant=s claims. See id. The responsibility, after
all, for the initial factual determinations, the determination of the
credibility of the witnesses, and for weighing the evidence, falls on the
shoulders of the able trial judge, not the appellate court.  Thus, we 
believe appellant does not, and probably cannot,  bear his 
burden of demonstrating an abuse of discretion.  Id. 
Even assuming, arguendo,[3]
the trial count=s division was as high as 70% to 30%, as appellant
contends, appellant has not met his heavy burden to show the trial court acted
arbitrarily or unreasonably.   Downer,
701 S.W.2d at 241‑43.  The trial
court has broad discretion in dividing the property in a divorce action and its
division will not be disturbed absent an abuse of discretion.   Bradley v. Bradley, 725 S.W.2d 503,
505 (Tex. App.BCorpus Christi 1987, no writ).  Appellant=s sole issue is overruled.








The judgment of the court is affirmed.

 

 

Don Wittig

Justice

 

Do
not Publish.

Tex. R. App. P.
47.3(b).

 

Opinion
delivered and filed

this
8th day of August, 2002.             











[1]  Retired Justice Don Wittig assigned to this
Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]  Texas Family Code section 6.711, effective
September 1, 2001, requires trial courts to make findings of fact and
conclusions of law, concerning characterization and values.  See Tex.
Fam. Code Ann. ' 6.711 (Vernon
Supp. 2002).  Here appellant did not
comply with Texas Rule of Civil Procedure 297, requiring a notice of past due
findings within 30 days after the original request.  Tex.
R. Civ. P. 297 (early filed request would be deemed filed after entry of
judgment.)  Although the new Family Code
section went into effect after this case was on appeal, the requirements under
the rules of procedure remain the same.  See
id. 





[3]  We seriously doubt the division reached 70%
to 30% as claimed, given the dissipation of assets by appellant and the fact
appellee placed a much higher value on some farm equipment than did
appellee.  As trier of fact, the trial
court was free to believe or disbelieve either of the parties.