ACCEPTED
14-14-00208-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 11:27:09 AM
CHRISTOPHER PRINE
CLERK

No. 14-14-00208-CV

# IN THE

# FOURTEENTH COURT OF APPEALS

## at Houston, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 11:27:09 AM
CHRISTOPHER A. PRINE
Clerk

_____

**LETICIA B. LOYA,** *Appellant*

*v.*

**MIGUEL ANGEL LOYA,** *Appellee*

_____

Appealed from Cause No. 2012-32502 in the

257th Family District Court of Harris County, Texas

_____

## APPELLEE'S SUR-REPLY BRIEF

_____

**Randall B. Wilhite**
State Bar No. 21476400
**Grady Reiff**
State Bar No. 24074941
**FULLENWEIDER WILHITE, P.C.**
4265 San Felipe, Ste. 1400
Houston, Texas 77027
713.624.4100
713.624.4141 Facsimile
**ATTORNEYS FOR APPELLEE,
MIGUEL ANGEL LOYA**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................ii

INDEX OF AUTHORITIES.......................................................................................iii

SUR-REPLY TO APPELLANT'S CONTENTION REGARDING *Sprague v. Sprague*, 363 S.W.3d 788 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).................................................................................................1

PRAYER.........................................................................................................................5

CERTIFICATE OF COMPLIANCE.........................................................................6

CERTIFICATE OF SERVICE ..................................................................................6

# INDEX OF AUTHORITIES

## Cases

**Page**

*Arnold v. Leonard*, 114 Tex. 535, 273 S.W. 799 (1925)............................................3

*Butler v. Butler*, 975 S.W.2d 765 (Tex. App.—Corpus Christi 1998, no pet.) .................................................................................................................4

*Cearley v. Cearley*, 544 S.W.2d 661 (Tex. 1976) ........................................3

*Frommer v. Frommer*, 981 S.W.2d 811 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd) ...........................................................................5

*Gordon v. Gordon*, No. 14-10-01031-CV (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (memo op.) .........................................5

*Loiaza v. Loiaza*, 130 S.W.3d 894 (Tex. App.—Fort Worth 2004, no pet.) .................................................................................................................4

*Murff v. Murff*, 615 S.W.2d 696 (Tex. 1981)..............................................5

*Roach v. Roach*, 672 S.W.2d 524 (Tex. App.—Amarillo 1984, no writ).................................................................................................................3

*Simpson v. Simpson*, 727 S.W.2d 662 (Tex. App.—Dallas 1987, no writ).................................................................................................................5

*Smith v. Smith*, 836 S.W.2d 688 (Tex. App.—Houston [1st Dist.] 1992, no writ)........................................................................................4

*Sprague v. Sprague*, 363 S.W.3d 788 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)........................................................................ 1-2, 4

## Constitution

Tex. Const. art. XVI, §15..............................................................................3

**Statutes**

Tex. Fam. Code §3.001 .................................................................................3

Tex. Fam. Code §3.002 ..............................................................................3, 4

**Other Sources**

Black's Law Dictionary (9th ed. 2009) ......................................................2

*Merriam-Webster.com*, 2015, http://www.merriam-webster.com
(7 Feb. 2015) ...............................................................................................3

**SUR-REPLY TO APPELLANT'S CONTENTIONS REGARDING**
*Sprague v. Sprague*, **363 S.W.3d 788 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).**

Leticia's claim in her Reply Brief that *Sprague v. Sprague*, 363 S.W.3d 788, 801 (Tex. App. – Houston [14th Dist.] 2012, pet. denied), is "incompatible with Miguel's contract right theory" is completely misplaced. (Reply Brief, p. 10). On the contrary, the *Sprague* case fully supports Miguel's legal theories set forth in issues one and two of his Appellee's Brief (Amended). The relevant time line in *Sprague* is as follows:

1.      **February 21, 1985 (*before the Spragues got married*):**   Mr. Sprague's employer sent him a letter offering him "the option to defer payment of additional compensation if any should be awarded that year in connection with [the employer's] planned merger." *Id*. at 801. Mr. Sprague exercised this option and "elected to defer" this additional compensation. *Id*. at 801-802.

2.      **July 6, 1985:** Robert and Deborah Sprague were married. *Id*. at 791.

3.      **August 20, 1985 (*during the Sprague's marriage*):** In accordance with Mr. Sprague's election to defer the bonus payment(s), Mr. Sprague's CEO sent him a letter "notifying [him] that he . . . had been awarded bonus compensation." *Id*. at 801. This letter further stated, "This bonus will express our thanks to you in a tangible way for your contribution to the Company especially during the uncertainties of the past 18 months." *Id*. at 801-802. Mr. Sprague's

employer further stated that "the bonus with which [he] was credited in August 1985 was intended to compensate him for work done in the preceding eighteen months", of which sixteen and a half predated his marriage. *Id*. at 802.

4. <u>**August 21, 1985**</u>**:** Mr. Sprague received one-half of his deferred bonus. *Id*.

5. <u>**January 1986, 1987**</u>**:** Mr. Sprague twice received an additional one-quarter of his deferred bonus. *Id*.

In light of the pre-marital bonus granted to Mr. Sprague, and which he elected to defer, this Court held that, based on these facts, a reasonable jury could have found that a portion of Mr. Sprague's deferred bonus was his separate property and, therefore, remanded the case to the trial court for such a determination. *Id*.

Both the Texas Constitution and the Texas Family Code provide that a person has a separate-property interest in all property that the person "owned or claimed" before the marriage[1] or acquired during the marriage by gift, devise or

---

[1]   Black's Law Dictionary defines "claim" as, *inter alia*, "[a]n interest or remedy recognized at law; the means by which a person can obtain a privilege, possession, or enjoyment of a right or thing." Black's Law Dictionary (9th ed. 2009).

descent.[2] Tex. Const. art. XVI, §15; Tex. Fam. Code §3.001. By statute (and by implied exclusion (*see Arnold v. Leonard*, 114 Tex. 535, 273 S.W. 799 (1925)), community property consists of all property, other than separate property, acquired by either spouse during marriage. Tex. Fam. Code §3.002.

Mr. Sprague's exercise of his option to defer the payment of his bonus for work done prior to the marriage into subsequent years gave him his legal claim to the bonus, which he brought into the marriage.[3] *Sprague*, like the litany of other cases Miguel cites in his Appellee's Brief, is, therefore, completely compatible with Miguel's "property right theory," which has, as its underlying premise, the principle that a court may only deal with property interests and not expectancies. To have a community property component, there must be some recognized property right that was acquired during the marriage (*see, e.g., Cearley v. Cearley*, 544 S.W.2d 661, 662 (Tex. 1976); *see also* Tex. Fam. Code §3.002)) and, in order for a property interest to have a separate property component, there must be some

---

[2] Merriam-Webster's Dictionary defines "acquire" as "to come into possession or control of often by unspecified means." Merriam-Webster.com (7 Feb. 2015).

[3] *See, e.g., Roach v. Roach*, 672 S.W.2d 524 (Tex. App.—Amarillo 1984, no writ) (unmarried man entered into an option agreement pertaining to land, but the deed was placed into escrow and delivered after marriage; inception of title occurred at time of original option agreement, not when the deed was removed from escrow and delivered to husband, making the land his separate property).

recognized property right that had its "inception of title" at a time other than during the marriage (*see, e.g., Sprague, id. and Butler v. Butler*, 975 S.W.2d 765, 768 (Tex. App.—Corpus Christi 1998, no pet.) (husband's post-divorce earnings from psychiatric practice could not be characterized as community property)).

On the way out of his marriage, Miguel had not acquired any claim of right to his bonus, and, therefore, he had no property right to be divided, which Tex. Fam. Code §3.002 expressly requires. A divorce court cannot divide something that is not a property right acquired during marriage. *Id.*; *Loiaza v. Loiaza*, 130 S.W.3d 894 (Tex. App.—Fort Worth 2004, no pet.) ("**A spouse is only entitled to a division of property that the community owns at the time of the divorce**" (emphasis added) (citing *Smith v. Smith*, 836 S.W.2d 688, 692 (Tex. App.—Houston [1st Dist.] 1992, no writ)).

In summary, on the way into his marriage, Mr. Sprague had a claim of right to his bonus that he "elected to defer." Bringing this Constitutionally supported claim into the marriage provided Mr. Sprague with a separate property right: the bonus plan was in place, and an option for payment had been offered and accepted. Because Miguel did not acquire any property right to the 2011 Possible Bonus until it was declared and granted by his employer well after the parties were divorced,

no community property component ever existed in such bonus as a matter of law.[4]

If Miguel had carried with him (post-divorce) any legal right to the bonus (like what happens with retirement plans, stock option plans and other such legal entitlements that are ratably earned over time and paid into the future according to contractual promises and compensation agreements), *Sprague* would stand for the position that such "right" would have, at least in part, accrued during the marriage, and would be subject to division upon divorce. Miguel had no such right in the 2011 Possible Bonus.

## PRAYER

The summary judgment should be affirmed. Appellee respectfully requests this Court grant all other relief to which he may be entitled.

---

[4] That is not to say, however, that a trial court may not take the potential for a bonus to be paid into the future as a factor it could use in making a division of the estate of the parties. *See Murff v. Murff*, 615 S.W.2d 696, 99 (Tex. 1981); *Frommer v. Frommer*, 981 S.W.2d 811, 814 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd); *Simpson v. Simpson*, 727 S.W.2d 662, 664 (Tex. App.—Dallas 1987, no writ); *see also, e.g., Gordon v. Gordon*, No. 14-10-01031-CV (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (memo op.) (court considered disparity in income between parties and fact that wife had been out of workforce for 20 years).

Respectfully Submitted,

**FULLENWEIDER WILHITE, P.C.**
4265 San Felipe, Ste. 1400
Houston, Texas 77027
713.624.4100
713.624.4141 Facsimile

By: /s/ Randall B. Wilhite_____
    **Randall B. Wilhite**
    State Bar No. 21476400
    **Grady Reiff**
    State Bar No. 24074941
    ATTORNEYS FOR APPELLEE,
    MIGUEL ANGEL LOYA

## CERTIFICATE OF COMPLIANCE

Under Tex. R. App. P. 9.4(i)(3) as amended effective December 1, 2012, I certify there are 1,167 words within this document exclusive of those contained in the cover page, table of contents, index of authorities, signatures, certificate of compliance, and certificate of service, as tabulated by the computer program used with preparing this document.

By: /s/ Randall B. Wilhite_____
    **Randall B. Wilhite**

## CERTIFICATE OF SERVICE

I certify a true copy of the foregoing Appellee's Sur-Reply Brief was served on each party's lead counsel under the Texas Rules of Appellate Procedure as follows:

Date of service: February 9, 2015
Method of service: Via efile service
Lead Attorney: Richard R. Orsinger
Party: Leticia B. Loya

By: /s/ Randall B. Wilhite_____
    **Randall B. Wilhite**