Lawrence Leroy **BARKER**, Appellant,

v.

Frances Catherine Ables
**BARKER**, Appellee.

No. 13–84–246–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 28, 1984.

Rehearing Denied Jan. 16, 1985.

Barbara H. Fritz, Victoria, for appellant.

Robert P. Houston, Victoria, for appellee.

Before KENNEDY, UTTER and KEITH, JJ.

OPINION

KENNEDY, Justice.

This is the second appeal from a divorce decree dividing the community property of the parties. Suit was brought by appellee (former wife) against appellant (former husband) for a divorce and division of the property. There were no children of the marriage.[1] We affirm.

In the original cause, following a trial, property issues were submitted to a jury which found that wife should be awarded sixty percent of the community property. Judgment was entered awarding wife sixty percent of the community property and requiring that she pay sixty percent of the community debt, including indebtedness on husband's separate property. Husband was awarded forty percent of the community property, was required to pay forty percent of the community debt and was awarded his separate real property.

The jury found that husband's separate real property had been enhanced in the amount of $25,000. No amount was awarded wife for reimbursement to the

---

**1.** Since appellant (former husband) was the appellee in the first appeal, and vice versa, to avoid confusion, the parties will be referred to throughout the opinion as "husband" and "wife".

**122**

community for the improvements to husband's separate property. This judgment was appealed to this Court under Cause No. 13–82–269–CV. Opinion ordered not published. Tex.R.Civ.P. 452. This Court reversed the judgment of the trial court and remanded "for a re-determination of the division of the parties' community property with due consideration for the [wife's] entitlement to reimbursement of the enhancement value of [husband's] separate property attributable to the improvements made thereon with community funds."

Upon remand, the trial court changed its judgment in the following respects:

(1) Wife was awarded $18,745.00 in cash instead of $13,945.00 in cash,

(2) Wife was made liable for 60% of all debts except those secured by husband's separate realty;

(3) Husband was made liable for 40% of the indebtedness except that he was made solely liable for the $17,000.00 debt secured by his separate property.

In all other respects, the judgment remained the same. Husband asserts and wife agrees that the additional award made to wife amounts to "sixty percent of the enhancement found by the jury less sixty percent of the community debt incurred for improvements to the separate estate."

Husband, by his first point of error, complains that the trial court erred in refusing to grant a new trial before a new jury. When reversing the judgment of the court below, the appellate court is authorized to render the judgment which should have been rendered. TEX.R.CIV.P. 434. However, when the matter to be decreed is uncertain, the cause should be remanded to the trial court. TEX.R.CIV.P. 434. Also, "if it appears to the court that the error affects a part only of the matter in controversy and that part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, ..." TEX.R.CIV.P. 434. Where the remand is accompanied by instructions restricting the retrial to particular issues, the parties must keep within those issues.

*Liberty Leasing Co., Inc. v. Still,* 582 S.W.2d 255 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

This cause was remanded by this Court with instructions to consider wife's entitlement to reimbursement for the enhancement of husband's separate property. Evidence had been received by the court and an issue had been submitted to and answered by the jury. We find a second jury trial unnecessary because:

(1) The only error found in our prior consideration of this cause was an error of law by the trial court, which occurred in the rendition of the judgment after the jury entered its verdict.

(2) The jury's answers to special issues about dividing the marital estate are advisory only, and a trial court may, in its discretion, disregard the jury findings.

*See Hopkins v. Hopkins,* 540 S.W.2d 783 (Tex.Civ.App.—Corpus Christi 1976, no writ). Husband's first point of error is overruled.

Husband's second point of error is that the trial court erred in failing to consider the benefits conferred by the separate estate upon the community estate.

This point of error is predicated upon the evidence presented at the hearing on the Motion for New Trial. The transcription of this hearing is not on file with this court. It is appellant's duty to bring forward a complete statement of facts showing the error of which he complains. *Tidelands Life Insurance Co. v. Harris,* 675 S.W.2d 224 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); Husband's second point of error is overruled.

The judgment of the trial court is AFFIRMED.