**Ronald Alexander LeBLANC, Appellant,**

v.

**Sandra Lee LeBLANC, Appellee.**

**No. 13–88–057–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 3, 1988.

Rehearing Denied Dec. 30, 1988.

John A. George, Fly, Moeller & Seel, Victoria, for appellant.

Lisa J. Hartman, Kelly, Stephenson & Marr, Victoria, for appellee.

Before NYE, C.J., and SEERDEN, and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant contests the property division and child support award in a divorce action tried to the court, and further claims error in the trial court's failure to grant him a continuance and denial of his motion for a new trial. We affirm the trial court's decree in part, but reverse and remand for a redetermination of the property issues.

Appellant's points one through three attack the property division. By point one he claims that the trial court abused its discretion in divesting him of his separate real

property in violation of the holding in *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977), *on remand*, 623 S.W.2d 462 (Tex.App.—Waco 1981, writ dism'd). By point two, he claims that the award of a life estate to appellee violated his due process rights under Article 1, Section 19 of the Texas Constitution. By point three, he claims the division was not "just and right" as Tex.Fam.Code Ann. § 3.63 (Vernon Supp.1988) requires.

■ The trial court has wide discretion in dividing the property. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981); *Dewey v. Dewey*, 745 S.W.2d 514, 519 (Tex.App.—Corpus Christi 1988, writ denied); *Mata v. Mata*, 710 S.W.2d 756, 760 (Tex.App.—Corpus Christi 1986, no writ). We presume the trial court exercised its discretion properly. *Murff*, 615 S.W.2d at 699; *Dewey*, 745 S.W.2d at 519. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

No findings of facts or conclusions of law have been filed or requested. Therefore, we must affirm the judgment if it can be upheld on any legal theory the evidence will support. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984).

■ The court may consider many factors in arriving at a "just and right" division of the property. These factors include fault in the breakup of the marriage, disparity in earning capacities or incomes, spouses' capacities and abilities, benefits which a party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. *Murff*, 615 S.W.2d at 698–99; *Dewey*, 745 S.W.2d at 519–20. Appellee introduced considerable evidence of fault.

■ We first consider the disposition of the tract on which the couple lived. Appellee's petition requested the homestead be awarded to her. In the decree, the trial court awarded appellee "the exclusive use and benefit ... for her lifetime" of the 24–acre tract upon which the couple had lived.

Appellant had purchased the land in his name before the parties married. Although appellee documented that she had provided $45,000 of the $46,000 purchase price from her separate money, and testified to extensive community improvements, she does not contest his separate ownership, or argue fraud or constructive trust. Appellant argues that *Eggemeyer* does not permit appellee to gain a life interest in the tract because it was his separate property. We agree that the interest the court awarded was greater than a homestead right and had the effect of divesting him of a fee interest in the tract.

A court may set aside property as the homestead of the wife and children for a period of time even though it is the husband's separate property. *Villarreal v. Laredo National Bank*, 677 S.W.2d 600, 606 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *see Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21, 23 (1923). In appropriate circumstances the court can award use and benefit of one spouse's community real property to the other spouse, whether or not there are minor children. *Patt v. Patt*, 689 S.W.2d 505, 508 (Tex.App.—Houston [1st Dist.] 1985, no writ). The court may not divest a spouse of separate property, real or personal. *Cameron v. Cameron*, 641 S.W.2d 210, 220 (Tex.1982).

Appellee relies on *Hedtke* to support her claim. *Eggemeyer* distinguishes *Hedtke* because in that case, homestead was awarded, not title. *Eggemeyer*, 554 S.W.2d at 141–142. The decree specifically stated "Possession of said land to revert to said defendant, J.G. Hedtke, at the termination of said homestead rights...." *Hedtke*, 248 S.W. at 22. We believe that the homestead is a community interest which the court may award either party, while a life estate is part of appellant's separate inter-

est in the land. Though similar, these interests are not identical.

In this State, homestead interest of each spouse or the surviving spouse in the homestead property constitutes an estate therein, and is treated as a life estate, *so long as the property retains its homestead character.* This is true, whether the fee title to the homestead property belongs to the separate estate of either or both spouses, or to their community estate.

*Sparks v. Robertson*, 203 S.W.2d 622, 623 (Tex.Civ.App.—Austin 1947, writ ref'd) (emphasis added). The homestead character, and the homestead right, can be lost through abandonment. *Fiew v. Qualtrough*, 624 S.W.2d 335, 337 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). As written, the award in this case would give appellee property rights in appellant's separate property tract even if she abandoned it as a homestead. This is not permissible.

■ Appellee, by motion, volunteers that in the alternative, if we cannot sustain the award of the use and benefit of the 24–acre tract beyond the time that her youngest child reaches eighteen years of age, she would remit the remaining years under the decree and consent to a reformation of the decree. *McKnight v. McKnight*, 543 S.W. 2d 863, 866 (Tex.1976), held that the appellate court has no authority to render a judgment dividing property, but must remand if it finds an abuse of discretion. It distinguished cases in which remittitur would be made. *McKnight*, 543 S.W.2d at 867. However, in *Jacobs v. Jacobs*, 687 S.W.2d 731, 732 (Tex.1985), the Supreme Court made no exception to its holding that an appellate court must remand the entire community property estate for a new division when it finds reversible error which materially affects the trial court's "just and right" division. The opinion condemns piecemeal editing of the property division. *Jacobs*, 687 S.W.2d at 732.

There is no question that disposition of the disputed property is material to the division. However, the parties can be spared the time and expense of an additional evidentiary hearing because the only error we found is an error of law by the trial court. *See Barker v. Barker*, 688 S.W.2d 121, 222 (Tex.App.—Corpus Christi 1984, no writ). We deny the motion and sustain appellant's points one and two.

■ Appellant's third point complains of the division and mentions that no value was assigned to many assets which were allocated.

In *Wallace v. Wallace*, 623 S.W.2d 723, 724 (Tex.App.—Houston [1st Dist.] 1981, writ dism'd), no value was assigned to various items included in the property division. That court states,

The [trial] court is required to divide the property in a manner that is just and right. The values of the properties are evidentiary to this issue. It is the responsibility of the parties to the suit to produce evidence of the value of various properties in order to provide the trial judge with a basis on which to make the division. One complaining of the action of the trial court in dividing the property must be able to demonstrate from the evidence in the record that the decision arrived at is so unjust and unfair as to constitute an abuse of discretion.

*Wallace*, 623 S.W.2d at 725.

Appellant did not avail himself of the opportunity to provide values on any of the property to the trial court. He cannot now complain of the court's lack of complete information. *See Mata*, 710 S.W.2d at 758. Appellee gave values to many items in her testimony. Appellant has failed to show that any property was mischaracterized. *Compare Haley v. Haley*, 713 S.W.2d 801, 802–3 (Tex.App.—Houston [1st Dist.] 1986, no writ). However, in light of the disposition of points one and two, the case must be reversed and remanded for division of the property. We sustain point three.

■ Appellant's sixth point of error challenges the child support award of $560 per month for two children. In determining the amount of child support, the trial court considers all appropriate factors, including the Supreme Court of Texas' Child Support Guidelines set out at Tex.Fam.Code Ann. § 14.05 (Vernon Supp.1988), the needs of the child, and the ability of the parents to

contribute to child support. *Sohocki v. Sohocki*, 730 S.W.2d 30, 32 (Tex.App.—Corpus Christi 1987, no writ); Tex.Fam.Code Ann. § 14.05(a) (Vernon Supp.1988). We will not disturb a court's order of child support unless the complaining party shows a clear abuse of discretion. *Sohocki*, 730 S.W.2d at 31.

Appellee submitted an itemization of estimated living expenses for herself and her children totalling $1610 per month. She testified that the business she had started with borrowed money was not yet profitable, but that she had obtained employment as a substitute registered nurse. However, she was only expecting a check of $145 for the current pay period as she had only obtained three days' work.

Appellee testified that appellant supported the family by raising and selling marihuana until May, 1987, when he apparently refused to provide money. His financial capability is also demonstrated by the property accumulated during the marriage, including extensive improvements to the farm, additional land, 3 airplanes, 6 horses, 4 motorcycles, other vehicles, appliances, furniture, and electronic and musical equipment, all paid for.

Appellee testified that appellant generally refused to seek legitimate employment, but was at some time employed as a tennis pro and also as a substitute teacher, and was qualified to either teach or to hold administrative positions at schools or universities. She stated that he had applied for a $24,000 job for which he was qualified.

Under the Supreme Court's Child Support Guidelines, Rule 3(e) permits a court to consider the earning potential of a voluntarily unemployed or underemployed parent. *Powell v. Powell*, 721 S.W.2d 394, 396 (Tex.App.—Corpus Christi 1986, no writ). Moreover, appellant admitted in his motion for new trial that he "is qualified to obtain other more lucrative employment." We find no abuse of discretion in the amount of child support and overrule point six.

■ By point four, appellant claims that the trial court abused its discretion in denying his motion for continuance. On appeal, his reason is that he was not given ten days' notice under Tex.R.Civ.P. 245. However, appellant's motion for continuance, filed the day before trial, states only that his attorney had insufficient time to prepare for trial. The case had already been called on September 3, 1987 and reset. On September 10, 1987, when the case was called, appellant's attorney noted that appellant was not present and argued that he could not proceed without appellant's presence. Appellant never raised the argument that he needed ten days' notice in the trial court. Since this ground was never specifically presented to the trial court it cannot be raised on appeal. Tex.R.App.P. 52(a). Moreover, appellant's counsel stated he had informed appellant of the setting and advised him to appear. We overrule point four.

■ By point five, appellant argues that the trial court abused its discretion in denying his motion for a new trial, contending his failure to appear deprived the court of relevant information. On appeal, appellant argues that he met the requirements for a new trial under *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm'n App.1939, opin. adopted). However, *Craddock* and its progeny apply in default cases, not when a trial on the merits was held. Since appellant filed an answer within the time the rules allowed this is not a default. Tex.R.Civ.P. 239.

Moreover, appellant's motion for new trial does not specify error in compliance with Tex.R.Civ.P. 321 and 322. Any legal complaints were buried among numerous other paragraphs containing new and extraneous material, and the legal grounds of complaints are vague at best. We overrule point five.

The parties do not contest the granting of the divorce and we have sustained the award of child support. Thus, we AFFIRM that part of the judgment, and REVERSE the property division and REMAND this cause for a redetermination of the property issues. *See Mata*, 710 S.W.2d at 760.