**Laurin Thomas HALBERT, Appellant,**

v.

**Norma Gail Clark HALBERT, Appellee.**

No. 12–89–00087–CV.

Court of Appeals of Texas, Tyler.

June 30, 1990.

Robert T. Cain, Jr., Lufkin, for appellant.

Blair A. Bisbey, Jasper, for appellee.

BILL BASS, Justice.

This is a divorce case where the property division is challenged for the second time on appeal. The issue before us is whether on the former appeal we reversed and remanded the case to the trial court with

instructions to that court to render judgment or whether we reversed and remanded the cause for a new trial.

The principal issue at trial was the character of 13,554 shares of Federal Company stock acquired in Laurin Halbert's name during the marriage. The first time the case was before us we reversed the trial court's judgment which included an award to Norma Halbert of 9,629 shares of Federal Company stock. We held that the jury's answer regarding the portion of shares of stock that was Laurin's separate property as a result of a stock split was unsupported by the evidence.

In his first four points of error, Laurin Halbert contends the trial court erred by failing to conduct a new trial or hold an evidentiary hearing on the property issues following remand. Norma Halbert responds that a new trial was not required, and that our former opinion was properly interpreted by the trial court. Norma relies on the following portion of the former opinion to constitute instructions to the court to render judgment:

> We find the jury's answer unsupported by the evidence. The uncontroverted evidence shows that at least 9,904 of the 11,904 shares issued to him resulted from the stock split, and thus were his separate property. Viewed most charitably from appellee's standpoint, the record shows that no more than 4,000 shares to have been community property. In partitioning 9,629 shares to the wife, the court obviously awarded her 5,629 of appellant's separate property. While the trial court has wide discretion in dividing the "estate of the parties," it must confine its division to the community property. (Citation omitted.) Appellant's first four points of error are sustained, and we remand to the trial court the division

of the Federal Company stock in accordance with this opinion.

In our former opinion we also noted that the jury received a special issue concerning the expenses to the community of the appellant's veterinary degree. We stated, "Although the trial court did not specifically award the wife reimbursement for her husband's education in its division of the community property, we caution the trial court on remand that the cost of Laurin Halbert's veterinary degree is not a reimbursable community expenditure."

At the conclusion of our opinion we stated, "The judgment is reversed and the cause is remanded for a new trial." Similarly, the mandate ordered "the judgment in the Court below be reversed and the cause remanded for a new trial in accordance with the opinion of this Court."

Upon remand, Norma Halbert filed a second motion for judgment requesting the court to enter judgment on the verdict of the jury in the 1986 trial. Without conducting a new trial and without an evidentiary hearing, the trial court signed an instrument styled "Amended Final Decree of Divorce" dated December 29, 1988. In this amended decree, the court reduced Norma Halbert's award of Federal Company stock to 4000 shares.[1]

The language in our former opinion should not have been construed as instructions to the trial court to render judgment without an evidentiary hearing regarding the property division. *See Gordon v. Gordon,* 704 S.W.2d 490 (Tex.App.–Corpus Christi 1986, writ dism'd) (language of mandate on prior appeal that "the part of the judgment which divided the property is reversed and remanded for new trial" meant trial court should provide evidentiary hearing). Our statement that "[n]o

1. By the Amended Final Decree of Divorce, the trial court changed its judgment in the following respects:

(1) Laurin Halbert was awarded 0 shares of community property stock instead of 2275 shares,

(2) Norma Halbert was awarded 4000 shares of community property stock instead of 9629 shares,

(3) Laurin was required to pay $64,377.24 as the cash difference between half of the net community estate and the value of the community property awarded (no such payment was previously required), and

(4) Laurin's separate property was described as all the remaining stock minus the 4000 shares of stock awarded to Norma rather than minus the 9629 shares previously awarded to Norma.

more than 4,000 shares could be community property" was not intended as an instruction to the trial court to render such a judgment. *See Seydler v. Keuper*, 133 S.W.2d 189 (Tex.Civ.App.–Austin 1939, writ ref'd) (appellate court's speculation about possible judgment under the evidence was not to be construed as instruction to trial court to render such judgment). It was not a finding that 4000 shares of stock are community property. A court of appeals cannot make original findings of fact; it can only unfind facts. *Texas National Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986). Our statement was an "unfinding" of the jury's answer to Special Issue No. 5 on the ground that it was unsupported by the evidence.

Appellee relies on *LeBlanc v. LeBlanc*, 761 S.W.2d 450 (Tex.App.–Corpus Christi 1988, writ dism'd), and *Barker v. Barker*, 688 S.W.2d 121 (Tex.App.–Corpus Christi 1984, no writ), to support her contention that a new trial was not required upon remand.

In *LeBlanc*, the property division had been tried to the court. The wife had requested a homestead interest in the husband's separate estate. However, the court awarded a life estate in the husband's separate property. The appellate court reversed and remanded with instructions that no evidentiary hearing was required since the error was an error of law.

In *Barker*, the trial court failed to award the wife reimbursement to the community for the improvements to the husband's separate property, even though the jury had found the real property had been enhanced by $35,000. The trial court reversed and remanded "for a redetermination of the division of the parties' community property with due consideration for the [wife's] entitlement to reimbursement of the enhancement value of [husband's] separate property attributable to the improvements made thereon with community funds." Upon remand, the trial court changed its judgment without holding a new jury trial. On the second appeal, the husband claimed the trial court erred by not conducting a new trial. The appellate court found no new

jury trial was necessary because the only error was an error of law which occurred in the rendition of judgment after the jury entered its verdict and because the jury answers were advisory.

Appellee's reliance on these cases is misplaced. Neither of the cases relied on by appellee included an order by the appellate court to conduct a new trial, nor did they involve the insufficiency of the evidence to support a jury answer. We hold that the trial court erred in disregarding the language in our prior opinion and denying the parties an evidentiary hearing with respect to the property division. Appellant's points of error one through four are sustained. Having discussed the dispositive issue we will not address appellant's remaining points of error.

We affirm that part of the judgment granting the divorce, and reverse the property division and remand for a new trial on the property issues.